J-S51014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                                  :    PENNSYLVANIA
                                                  :

             v.                                  :
                                                  :
                                                  :

KATHERINE S. HALLOWELL    :
                                                  :

             Appellant           :    No. 847 MDA 2020

Appeal from the Judgment of Sentence Entered May 28, 2020
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001665-2019

BEFORE:  MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:           **FILED DECEMBER 15, 2020**

Katherine S. Hallowell (Appellant) appeals from the judgment of sentence imposed after she pled guilty to aggravated assault of a child under 13 years of age and endangering the welfare of a child (EWOC).[1]  We affirm.

The trial court summarized the underlying facts and procedural history as follows:

> On February 26, 2019, [Appellant] was the sole caretaker of a five-year-old female [(victim)].  Notes of Testimony, Guilty Plea and Sentencing Hearing, May 28, 2020 ("N.T."), at 8.  While caring for [victim, Appellant] became frustrated and assaulted her.  ***Id.***  During the assault, [victim] struck her head against a hard surface resulting in a spinal injury and a subdural hematoma that required life-saving neurosurgical intervention.  ***Id.***  . . .
>
> On May 28, 2020, [Appellant] entered an open guilty plea to aggravated assault [] and [EWOC].  [Appellant] was sentenced to serve a cumulative sentence of 8 years to 20 years in a State

---

[1] 18 Pa.C.S.A. §§ 2702(a)(9) and 4304(a)(1).

Correctional Facility. On June 2, 2020, [Appellant] filed a Post-Sentence Motion to Modify Sentence which this court denied by order dated June 8, 2020.

On June 12, 2020, [Appellant] filed a Notice of Appeal to the Superior Court of Pennsylvania from the order of May 28, 2020. On June 15, 2020, [Appellant] filed a concise statement of matters complained of on appeal[.]

Trial Court Opinion, 7/28/20, at 1-2.

On appeal, Appellant presents a single question for review:

Did the sentencing court abuse its discretion by imposing an aggravated sentence of 8-20 years' imprisonment?

Appellant's Brief at 11 (unnumbered).

Appellant challenges the discretionary aspects of her sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when [s]he sets forth a plausible argument that the sentence violates a provision of the sentencing

code or is contrary to the fundamental norms of the sentencing process."
***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising her claim in a timely post-sentence motion, filing a timely notice of appeal, and including in her brief a Rule 2119(f) concise statement. ***See*** Appellant's Brief at 14-16 (unnumbered). We therefore examine whether Appellant presents a substantial question.

Appellant argues that the trial court abused its discretion by imposing an aggravated-range sentence without considering the mitigating factors of her case. ***See id***. Appellant raises a substantial question. ***See Commonwealth v. Mulkin***, 228 A.3d 913, 916 (Pa. Super. 2020) ("[I]mposition of aggravated-range sentence without considering mitigating factors raises [a] substantial question.") (citation omitted). Additionally, Appellant asserts that the trial court failed to provide adequate reasons on the record for imposing the aggravated-range sentence; this assertion also raises a substantial question. ***See Commonwealth v. Booze***, 953 A.2d 1263, 1278 (Pa. Super. 2008) ("[A]n allegation that the court failed to state adequate reasons on the record for imposing an aggravated-range sentence . . . raises a substantial question for our review.") (citations omitted).

We review Appellant's sentencing claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the

discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Nevels*, 203 A.3d 229, 247 (Pa. Super. 2019) (citation omitted).

The Pennsylvania Sentencing Code directs that when a trial court imposes an aggravated range sentence, "it shall state the reasons on the record." 204 Pa. Code § 303.13. Likewise, Section 9721 provides: "[I]n every case the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). Section 9721(b) states:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . .

*Id.*

We have explained:

The [trial] court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered

- 4 -

under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations enunciated in that section.

**Commonwealth v. Coulverson**, 34 A.3d 135, 145-46 (Pa. Super. 2011) (citations omitted).

The record in this case belies Appellant's argument. At sentencing, the trial court commented at length:

> All right. Thank you. . . . I did have the opportunity, I did review this packet which was provided to me. So I did review all of the letters that were referenced within the packet as well as the certifications that were attached.
>
> In fashioning this sentence I have considered the facts under Title 42 Subsection 9721. I have considered the protection of the public, the nature of the offense. Obviously from the testimony the victim has suffered life-long injuries. I believe there was some testimony that the doctors were hopeful that she would get back to 90 percent. . . .
>
> I did listen to the Commonwealth's arguments, the testimony of [the victim's parents]. I find that I understand that [Appellant] has a prior record score of zero, that there was no contact with law enforcement. I believe the risk of recidivism is minimal. I have looked at the facts of the case, based on the testimony provided today I took that into account as well as [Appellant's] statements.
>
> I considered the gravity of the offense as [it] relates to the impact on the life of the victim in this case, that what has been presented today that she is, she was prior to this incident was five years old, was speaking, running, was getting ready to enter kindergarten. She was also potty trained. Now she is in a wheel chair. She is back in diapers. She is not forming words. She is making noises.
>
> I have considered the numerous surgeries that she has had since the initial incident, the testimony of her dad that he is working with her, that she has taken a step back on blocks and colors and that he is having to feed her, which prior to this she

- 5 -

was able to feed herself. I've considered the effect on the victim's family. As [the victim's father] indicated, this is life altering not only for the victim but also for the family, not only, just the financial aspect but the emotional aspect, the medication that she is requiring numerous times a day, and the constant around-the-clock care that she requires.

I have considered, as I indicated, rehabilitation [] needs of [Appellant]. I considered [Appellant's apologetic] statement. I find she is remorseful. I have considered her prior record, which was zero, her age, her personal characteristics. I have looked at the sentencing guidelines. I've considered factors in favor of probation, which is, they are way outside the guideline and inappropriate in this case, and the basis for total confinement. I also considered the testimony of the number of surgeries and how this injury occurred and the amount of, I will say violence, that it took for this injury to occur.

So for all those reasons, the sentence -- I want to put on that I find this offense, although it is labeled, we are taking a plea to aggravated assault, I am taking also into consideration there was testimony that [Appellant] was in a position of trust by the parents, that they had known her for a period of time and that they had -- that she was a caretaker on that particular day.

N.T., 5/28/20, at 29-32.

There is clearly no merit to Appellant's contention that the trial court "failed to accord due weight of consideration to the many mitigating factors of Appellant's case." Appellant's Brief at 20 (unnumbered). To the contrary, the court repeated that Appellant had no criminal record, found that she was a low recidivism risk, and referenced her age, show of remorse, and rehabilitative needs. N.T., 5/28/20, at 30-31. In addition, the court had a pre-sentence investigation report. *See* Trial Court Opinion, 7/28/20, at 6 ("[T]his [c]ourt had the benefit of a pre-sentence investigation."); *Mulkin*, 228 A.3d at 917 ("We have repeatedly held that where a sentencing court has

- 6 -

the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors.") (citation omitted).

Appellant's claim that — the trial court "made no attempt to explain anywhere in the record why the circumstances of Appellant's case were so 'atypical' of the crimes of which she was convicted as to warrant an aggravated sentence" — is inaccurate. Appellant's Brief at 21 (unnumbered). Consistent with the court's comments excerpted above, we reiterate that it is "well-settled that where the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, the sentence will be upheld." *Mulkin*, 228 A.3d at 917 (citations omitted).

Here, in addition to discussing mitigating factors, the trial court described the details which compelled the court to impose an aggravated-range sentence: the victim's youth, the extent and permanency of the victim's injuries, and "the amount of . . . violence that it took" for Appellant to inflict the injuries, which in turn have caused the victim's family financial and emotional harm. N.T., 5/28/20, at 29-31.

For the above reasons, we find no merit to Appellant's claim that the trial court abused its sentencing discretion, and therefore affirm the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020