J-S52019-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANAYA PULLIAM | : | |
| | : | |
| Appellant | : | No. 377 EDA 2020 |

Appeal from the PCRA Order Entered December 20, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002412-2014

BEFORE: PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED: JANUARY 25, 2021**

Janaya Pulliam (Appellant) appeals from the order entered in the Philadelphia County Court of Common Pleas dismissing her first petition filed pursuant to the Post Conviction Relief Act[1] (PCRA), seeking relief from her jury conviction of one count of endangering the welfare of a child (EWOC).[2] Appellant argues the PCRA court erred in denying her petition without conducting an evidentiary hearing on her claims of the ineffective assistance of trial counsel for (1) failing to properly represent her at trial, (2) failing to present character witness testimony, and (3) failing to file a post-sentence

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 4304(a)(1).

motion seeking reconsideration of her sentence. For the reasons below, we affirm.

The facts underlying Appellant's conviction are summarized by the PCRA court as follows:

> [I]n December 2013, [Appellant] became angry with her five-year-old-son, A.E., and hit him in the . . . eye with a wooden spoon. A few days later, A.E. forgot to put his dishes in the sink after lunch. [Appellant] called him downstairs and burned his arm over the open flame [of] the stove's burner. [Appellant's] seven-year-old daughter, D.E., witnessed this happen and ran upstairs to tell her grandmother. No one sought medical attention for A.E.'s burns. Earlier that same day, [Appellant] had beaten A.E. about his body with a tennis request until it broke and then locked him in the garage.

> On December 30, 2013, [Philadelphia] Police Officer Michael Baker was called to the McDaniels School, after a staff member contacted authorities regarding suspected child abuse. When Officer Baker interviewed A.E., the five[-]year[-]old boy had a black eye, marks behind his swollen right ear, and marks on his thighs. A.E. told Officer Baker that his mother had punched him in the face and hit him with a stick across his legs and hurt his ear. Officer Baker and his partner transported A.E. to the Special Victims Unit, where A.E. was interviewed by [Philadelphia Police] Detective Justin Montgomery. The detective observed the child's black eye and bruises to his lower extremities; he instructed patrol officers to take A.E. to St. Christopher's Hospital for treatment. Once there, medical staff observed the burn wound on A.E.'s arm that was two inches wide and extended the length of his forearm. A.E. told Detective Montgomery that his arm was burned when "mommy put [his] arm on the stove." [Appellant] was arrested on December 30, 2013.

PCRA Ct. Op., 6/30/20, at 1-2 (record citations omitted).

Although Appellant was originally charged with aggravated assault, simple assault, and possession of an instrument of crime,[3] in addition to the EWOC offense, those charges were quashed by the trial court in July of 2014. *See* Order, 7/1/14. The case proceeded to a jury trial, which commenced on August 1, 2017. On August 3rd, the jury returned a verdict of guilty on one count of EWOC.[4] On October 30, 2017, the trial court imposed a sentence of 11½ to 23 months' imprisonment followed by three years' probation. No post-sentence motion or direct appeal was filed.

On August 24, 2018, Appellant filed a timely, *pro se* PCRA petition. Counsel was appointed, and filed an amended petition on April 8, 2019. On November 25, 2019, the PCRA court issued notice of its intent to dismiss Appellant's petition without conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. Appellant did not file a response, and, on December 20, 2019, the PCRA court entered an order dismissing Appellant's petition as meritless. This timely appeal follows.[5]

Appellant raises the following issues on appeal:

_____

[3] 18 Pa.C.S. §§ 2702(a), 2701(b)(2), and 907, respectively.

[4] The jury also determined that Appellant engaged in a course of conduct pursuant to 18 Pa.C.S. § 4304(b)(1)(i). Verdict Report, 8/3/17. *See* 18 Pa.C.S. § 4304(b)(1)(ii) (EWOC is a third degree felony "[i]f the actor engaged in a course of conduct of endangering the welfare of a child").

[5] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

I. Whether the [PCRA] court erred in denying . . . Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II. Whether the [PCRA] court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

III. Whether trial counsel was ineffective for failing to properly represent Appellant at trial.

IV. Whether trial counsel was ineffective for failing to present character witnesses.

V. Whether trial counsel was ineffective for failing to file a motion for reconsideration of sentence.

Appellant's Brief at 8.

Our review of an order denying a PCRA petition is well-settled: "[W]e must determine whether the PCRA court's order 'is supported by the record and free of legal error.'" *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted).

In her first issue, Appellant contends the PCRA court erred in summarily dismissing her petition without first conducting an evidentiary hearing. Appellant's Brief at 14. We note, however, that:

[T]he PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied "'there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings.'" "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing."

*Commonwealth v. Cousar*, 154 A.3d 287, 297 (Pa. 2017) (citations omitted). Thus, in order to determine if the PCRA court abused its discretion

- 4 -

in failing to conduct an evidentiary hearing, we must first determine whether any of Appellant's claims raise a genuine issue of fact. *See id.*

Appellant's substantive claims allege the ineffective assistance of trial counsel. First, Appellant argues counsel was ineffective for failing to introduce evidence of her innocence — namely a time-stamped photo proving A.E.'s burn injury occurred months earlier than alleged, and contradictory testimony from "the child witness" which occurred during a family court hearing. Appellant's Brief at 16-17. Second, Appellant contends trial counsel was ineffective for failing to subpoena character witnesses to testify on her behalf. *Id*. at 20-21. Third, Appellant insists trial counsel was ineffective for failing to file a post-sentence motion seeking reconsideration of her sentence. *Id.* at 21-22. We address these claims *seriatim*.

Where, as here, a petitioner's claims raise allegations of prior counsel's ineffectiveness,

> the petitioner must demonstrate: (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. . . . Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption.

*Johnson*, 139 A.3d at 1272 (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Selenski*, 228 A.3d 8, 15 (Pa. Super. 2020) (citation omitted), *appeal denied*, 240 A.3d 462 (Pa. 2020).

Appellant first argues trial counsel was ineffective for failing to present evidence supporting her innocence at trial. Specifically, Appellant contends that during trial, she sent an email to counsel which contained a time-stamped color photo of A.E., establishing he had scarring on his arm months before the alleged burning incident in question. Appellant's Brief at 16. She maintains trial counsel failed to open the email the day it was received (August 2, 2017), and then attempted to submit a black and white copy of the photo into evidence the next day, which the court did not allow. *See id.* Further, Appellant argues trial counsel failed to impeach "the child witness" with testimony from a March 2014 Family Court hearing, which Appellant claims was "in complete contradiction" to the testimony presented at trial. *Id.* at 17.

With regard to the alleged exculpatory photo, the PCRA court found Appellant was entitled to no relief:

> The record shows that [Appellant] emailed counsel on August 2, 2017 during trial. Attached to the email was a photograph of A.E.'s arm covered in scars and wounds, with a time stamp on the photo of May 30, 2013. Trial counsel did not open the email until early the next morning. That day at trial, trial counsel attempted to introduce the photograph; however, this Court did not allow the admission of the photograph, finding that if this photo had been on [Appellant's] phone since May 2013, she could have told her attorney about it sooner and the photo could have been exchanged during discovery so that the Commonwealth would have had a chance to authenticate it. This Court was concerned that time stamps on photographs are easily manipulated and would require further investigation to prove its authenticity. Since the photo could not be authenticated independently, and the Commonwealth had no opportunity to perform any kind of investigation, this Court properly denied its admissibility.

[Appellant] argues that trial counsel should have tried to introduce the photograph on the day [counsel] received the email and was at fault for not opening the email immediately. [Appellant] further blames trial counsel for attempting to introduce a black and white copy of the photograph, rather than the color copy attached to the email. Both of these arguments are meritless. It would not have mattered if trial counsel had opened the email the day before or had attempted to submit a color copy. There is still no chance that this Court would have allowed the photo to be admitted at trial for the same reasons regarding authentication as discussed above.

PCRA Ct. Op. at 4-5.

We detect no basis to disagree. Appellant criticizes trial counsel for failing to present the photo on the day counsel received the email, that is, the second day of trial. However, Appellant fails to address the trial court's underlying concern — that she delayed sending the photo to counsel until mid-trial, when it should have been turned over to the Commonwealth during discovery. *See* PCRA Ct. Op. at 4. Indeed, Appellant provides no excuse for her failure to provide the photo before trial. Questions concerning the admission of evidence are vested within the discretion of the trial court, and, here, we detect no abuse of that discretion. *See Commonwealth v. Vucich*, 194 A.3d 1103, 1106 (Pa. Super. 2018). Appellant's claim thus lacks arguable merit.

With regard to Appellant's contention that trial counsel failed to impeach a child witness, we agree with the PCRA court that this claim "fails for lack of development." *See* PCRA Ct. Op. at 6. The PCRA court explained in its opinion:

> [Appellant] makes this bald allegation of contradictory testimony but does not specify what testimony was inconsistent. In fact, she does not even specify to which "child witness" she is referring — it could be A.E. or D.E.

*Id.* Indeed, Appellant failed to attach a transcript of the prior hearing, or, at the very least, a description of the prior testimony that she claims was inconsistent with testimony at trial. Thus, this claim, too, fails for lack of arguable merit. *See Johnson*, 139 A.3d at 1272.

Next, Appellant argues trial counsel was ineffective for failing to present character witnesses to testify on her behalf. Appellant's Brief at 17. She emphasizes that because "the only viable defense . . . was [her] own testimony, presenting character evidence to support her was crucial." *Id.* Relying upon *Commonwealth v. Weiss*, 606 A.2d 439 (Pa. 1992), Appellant argues that evidence of "good character is substantive, not mere makeweight evidence, and may, in and of itself, create a reasonable doubt of guilt[.]" Appellant's Brief at 19, *citing Weiss*, 606 A.2d at 442. She also asserts that she provided the names of character witnesses to counsel, and asked counsel to subpoena them for trial, which counsel failed to do. *Id.* at 20-21. Thus, she maintains there was no reasonable basis for counsel not to present character witness testimony and she was prejudiced as a result. *Id.* at 19-20.

Preliminarily, we note:

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffective assistance of counsel] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or

should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Selenski*, 228 A.3d at 16 (citation omitted).

Here, the PCRA court first found Appellant failed "to provide the necessary [witness] certification[s] under 42 Pa.C.S.A. § 9545(d)(1) . . . and Pa.R.Crim.[P.] 902(A)(12)(b)" to support her claim that trial counsel was ineffective for failing to call character witnesses. *See* PCRA Ct. Op. at 7. Section 9545(d) provides, in relevant part, that when a PCRA petitioner requests an evidentiary hearing, she must "include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony[.]" 42 Pa.C.S. § 9545(d)(1)(i). Subsection 9545(d)(1)(ii) further provides that the petitioner herself or counsel may sign the certification if they are "unable to obtain the signature of a witness[.]" *See* 42 Pa.C.S. § 9545(d)(1)(ii). *See also* Pa.R.Crim.P. 902(A)(12)(b) (requiring a PCRA petition include "the facts supporting each . . . ground that . . . do not appear in the record").

While we agree neither Appellant's *pro se* nor amended petition includes the requisite certifications, we do not find this omission dispositive. The PCRA court did not inform Appellant of the witness certification defect in its Rule 907 notice. In *Commonwealth v. Pander*, 100 A.3d 626 (Pa. Super. 2014), this Court stated "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide

notice of the alleged defect." *Id.* at 642. Accordingly, we decline to affirm based solely on the lack of proper witness certifications.

Nevertheless, the PCRA court alternatively found Appellant's claim lacked merit. The court opined:

> [Appellant] claims that she told counsel about four character witnesses but they failed to appear because counsel did not subpoena them. She claims that this prejudiced her because they "would have been beneficial to her defense" and would have testified to her "good reputation." These claims are meritless. The fact is her character witnesses simply failed to appear. At trial, this Court conducted an on-the-record colloquy regarding the four character witnesses named by [Appellant] who failed to appear to testify. [Appellant] tried to blame counsel at that time for their failure to appear, claiming that she had emailed counsel their names and contact information one year ago so that counsel could subpoena them; however, [Appellant] could not provide any documentation to support this assertion. Then [Appellant] claimed that her witnesses could not miss work and that trial counsel should have subpoenaed them to guarantee their appearance. This Court explained to [Appellant] that typically character witnesses do not require subpoenas to appear since the court can provide certifications for their employers if they have to miss work. Counsel stated that it was her understanding that [Appellant] was going to ensure her character witnesses appeared since these were her friends. Furthermore, in order to give [Appellant's] character witnesses another chance to appear, this Court continued the trial until the next day, and stated, "For the record, [Appellant] is not in custody. She is on bail on the street with full access to the ability to make contact by either phone, e-mail, text message, et cetera, with her witnesses. So that the Court is not going to continue the case past tomorrow if her witnesses are not here." Once again, none of [Appellant's] claimed character witnesses appeared to testify on her behalf the next day. Therefore, [trial] counsel cannot be found ineffective because [Appellant's] character witnesses, who [Appellant] contacted herself, refused to appear.

PCRA Ct. Op. at 7-8 (record citations omitted).

- 10 -

Our review of the record supports the PCRA court's findings. Indeed, trial counsel stated on the record that they did not recall having a conversation with Appellant regarding the need to subpoena her proposed character witnesses. *See* N.T., 8/2/17, at 98. Moreover, although Appellant insisted she sent an email to counsel a year prior explaining the need for subpoenas, she failed to provide a copy of that alleged email to the court, despite the court's request. *See id.* at 95-96. Nevertheless, the trial court agreed to continue the case another day so that Appellant could attempt to secure the attendance of her character witnesses in court. *See id.* at 99-100. However, the next day, no character witnesses appeared. *See* N.T., 8/3/17, at 4. Thus, because Appellant is unable to establish her proposed character witnesses were available and willing to testify on her behalf at the time of trial, we agree with the PCRA court's determination that her ineffectiveness claim fails.

In her final claim, Appellant contends trial counsel was ineffective for failing to file a post-sentence motion seeking reconsideration of her sentence. *See* Appellant's Brief at 21. She maintains that after sentencing, she requested counsel file a motion for reconsideration because her sentence was "harsh and unreasonable." *Id.* Appellant contends counsel had no reasonable basis for failing to comply with her request, and "the motion likely would have been granted." *Id.*

Again, we conclude Appellant is entitled to no relief. As the PCRA court explained in its opinion, even if trial counsel had filed a timely post-sentence motion, the court "would not have granted it and imposed a more lenient

- 11 -

sentence." PCRA Ct. Op. at 9. We note "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (citation omitted).

Here, the PCRA court, which also presided over Appellant's trial and sentencing, explained Appellant's sentence fell within the standard range of the sentencing guidelines,[6] and was "significantly more lenient than the Commonwealth's recommended sentence of 3½ to 7 years state incarceration." PCRA Ct. Op. at 9-10. When a trial court imposes a standard range sentence, this Court will grant relief when "the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S. § 9781(c)(2). Appellant has failed to allege any basis for determining the sentence imposed herein was "clearly unreasonable." *See id.* Furthermore, the trial court considered both a presentence investigation report (PSI) and mental health evaluation before imposing sentence. N.T., 10/30/17, at 4, 62. "We have repeatedly held that where a sentencing court has the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors." *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020). Because Appellant has failed to establish any abuse of discretion on the part of the trial court in imposing

---

[6] Appellant's prior record score was zero and her offense gravity score was six. N.T., 10/30/17, at 5. Thus, the sentencing guidelines called for a standard range of "3 to 12 [months'] plus or minus 6." *Id.*

a standard range sentence, we agree with the court's determination that Appellant has not demonstrated she was prejudiced by trial counsel's failure to seek reconsideration of her sentence. Thus, no relief is warranted on her final claim.

Because we conclude none of Appellant's ineffectiveness claims raise a genuine issue of fact, we detect no abuse of discretion on the part of the PCRA court in denying Appellant's petition without first conducting an evidentiary hearing. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/21