J-S68026-19

2020 PA Super 30

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OAKLEY ZEDDY MULKIN | : | |
| | : | |
| Appellant | : | No. 740 WDA 2019 |

Appeal from the Judgment of Sentence Entered April 10, 2019
In the Court of Common Pleas of Potter County Criminal Division at
No(s):  CP-53-CR-0000142-2018

BEFORE:   GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

OPINION BY LAZARUS, J.:                    FILED FEBRUARY 10, 2020

Oakley Zeddy Mulkin appeals from the judgment of sentence, entered in the Court of Common Pleas of Potter County, following his conviction for delivery of a designer drug,[1] delivery of a non-controlled substance,[2] criminal use of a communication facility,[3] and involuntary manslaughter.[4]  After careful review, we vacate the judgment of sentence and remand for resentencing.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(36).

[2] 35 P.S. § 780-113(a)(35).

[3] 18 Pa.C.S.A. § 7512(a).

[4] 18 Pa.C.S.A. § 2504(a).

On May 11, 2016, Mulkin sold furanylfentanyl[5] to a friend, Jordan Whitesell, who overdosed on the drug hours later. Following a three-day jury trial, Mulkin was found guilty of the above-mentioned crimes on April 3, 2019. On April 10, 2019, after considering a pre-sentence investigation (PSI) report, the trial court sentenced Mulkin to 18-36 months' imprisonment for involuntary manslaughter, an aggravated-range sentence,[6] and imposed standard-range sentences of 9-18 months' imprisonment for delivery of a designer drug[7] and 9-18 months' imprisonment for criminal use of a communication facility. The trial court stated on the record that an aggravated-range sentence on the involuntary manslaughter count was justified because Mulkin delivered drugs he knew to have recently caused others to overdose,[8] and because Mulkin had previously been caught with controlled substances while incarcerated for drug possession.

_____

[5] Furanylfentanyl is a derivative of the synthetic opioid, Fentanyl. N.T. Trial, 6/20/19, at 200-23. Fentanyl is 80 to 100 times more potent than morphine, and furanylfentanyl is slightly less potent than Fentanyl. Id.

[6] With an offense gravity score (OGS) of 6 for involuntary manslaughter and Mulkin's prior record score (PRS) of 0, the standard-range minimum sentence at that count was 3-12 months' imprisonment, and the aggravated range minimum was 18 months' imprisonment. See 204 Pa.Code § 303.16(a).

[7] For sentencing purposes, Mulkin's conviction for delivery of a controlled substance merged delivery of a designer drug.

[8] In May of 2016, Mulkin purchased several baggies of furanylfentanyl, which he thought contained heroin, for himself and Whitesell. N.T. Trial, 4/1/19 at 121-22. At the time of purchase, Mulkin was told that other drug users had recently overdosed after ingesting that particular batch of drugs. Id. at 121.

On April 18, 2019, Mulkin filed a timely motion to modify sentence which the trial court denied on May 2, 2019. On May 11, 2019, Mulkin filed a timely notice of appeal followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issue for our consideration: "Did the [s]entencing [c]ourt abuse [its] discretion by relying on inappropriate factors and by ignoring mitigating evidence when it aggravated [Mulkin's] sentence beyond the standard range?" Brief for Appellant, at 5.

Mulkin's claim represents a challenge to the discretionary aspects of his sentence. Commonwealth v. Prestidge, 539 A.2d 439, 441 (Pa. Super. 1988). An appeal raising the discretionary aspects of sentencing is not guaranteed as of right; rather, it is considered a petition for permission to appeal. Commonwealth v. Williams, 562 A.2d 1385, 1386-87 (Pa. Super. 1989) (en banc). In order to reach the merits of a discretionary aspects claim, we must engage in a four-part analysis to determine:

> (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

                          * * *

_____

Accordingly, Mulkin advised Whitesell upon delivering the drugs not to inject them intravenously "because [he] was told that it was a potent batch of heroin." Id. at 124.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

Commonwealth v. Griffin, 65 A.3d 932, 935-36 (Pa. Super. 2013) (citations and quotations omitted).

Here, Mulkin filed a post-sentence motion to modify his sentence, a timely notice of appeal, and included in his brief a concise statement of reasons relied upon for appeal pursuant to Rule 2119(f). Additionally, Mulkin raises a substantial question by asserting the sentencing court relied on an impermissible factor and ignored mitigating evidence when imposing an aggravated-range sentence for involuntary manslaughter. See Commonwealth v. Roden, 730 A.2d 995 (Pa. Super. 1999) (sentencing court relying on impermissible factor raises substantial question); see also Commonwealth v. Felmlee, 828 A.2d 1105, 1107 (Pa. Super. 2003) (imposition of aggravated-range sentence without considering mitigating factors raises substantial question).

We, therefore, address Mulkin's claim, which raises two arguments: first, that the court erred by relying on an impermissible factor, and second, that the court erred by ignoring mitigating evidence.[9]

---

[9] Mulkin contends that the court failed to consider, inter alia, (1) positive character references from his mother, former employer, and lifelong family friend; (2) that he graduated from high school; (3) his strong work ethic; (4) his sincere remorse; and (5) that his criminal history is limited to non-violent drug offenses. See Brief of Appellant, at 14-17.

We note that when imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2017). We are also cognizant of the fact that the trial court considered a PSI before imposing Mulkin's sentence. Commonwealth v. Ventura, 975 A.2d 1128, 1135 (Pa. Super. 2009) (sentencing court informed by PSI presumed aware of relevant factors).

Mulkin's first argument is waived, as he fails to reference any legal authority for the proposition that the sentencing court abused its discretion by impermissibly relying on his drug-related prison infraction while incarcerated on unrelated drug possession charges as a reason to aggravate his sentence. Brief of Appellant, at 13; see Pa.R.A.P. 2119(b) (party must direct court's attention to specific authority relied upon); Commonwealth v. Johnson, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any meaningful fashion capable of review, that claim is waived."). We, therefore, consider only the portion of Mulkin's claim relating to the sentencing court's alleged failure to "consider the mitigating evidence presented at the sentencing hearing." Brief of Appellant, at 12.

We have repeatedly held that where a sentencing court has the benefit of a PSI, the court is presumed to have weighed all relevant information regarding the defendant's character against any mitigating factors.

Commonwealth v. Moury, 992 A.2d 162, 171 (Pa. Super. 2010). As the sentencing judge considered a PSI before imposing sentence, Mulkin's argument that the court ignored mitigating evidence is without merit. Moreover, this argument is belied by the record, as the sentencing judge noted after hearing all of the mitigating evidence that Mulkin had been a "good young m[a]n" before his involvement with drugs. N.T. Sentencing, 4/10/19, at 35.

It is well-settled that where "the sentencing court proffers reasons indicating that its decision to depart from the guidelines is not unreasonable, the sentence will be upheld." Commonwealth v. Smith, 863 A.2d 1172, 1177-78 (Pa. Super. 2004). See Commonwealth v. Walls, 926 A.2d 957 (Pa. 2007) (noting difficulty of defining inquiry into reasonableness of sentence). Based on the record, we cannot conclude that Mulkin's sentence is manifestly unreasonable. The sentencing court proffered sufficient reasons indicating why it decided to sentence Mulkin in the aggravated range on the involuntary manslaughter count.

We, however, sua sponte examine the legality of Mulkin's sentence with respect to the court's decision to determine the amount and method of payment of restitution at a later date. See Commonwealth v. Ramos, 197 A.3d 766, 768-69 (Pa. Super. 2018) (court's authority to impose restitution implicates legality of sentence); Commonwealth v. Infante, 63 A.3d 358, 363 (Pa. Super. 2013) (this Court may consider legality of sentence sua sponte). A challenge to the legality of sentence raises a question of law. Commonwealth v. Smith, 956 A.2d 1029, 1033 (Pa. Super. 2008) (en

banc).  Our standard of review, therefore, is de novo and the scope of our review is plenary.  Commonwealth v. Childs, 63 A.3d 323, 325 (Pa. Super. 2013).

At Mulkin's sentencing hearing, the court ordered Mulkin to "pay the costs of court [sic] as determined in a separate hearing."  N.T. Sentencing, 4/10/19, at 39.  In a supplemental Rule 1925(a) opinion, the sentencing judge noted:

> Right before sentencing, the Commonwealth filed for a large amount of costs and restitution and furnished a large packet of documents relating to those claims.  Much of the amount claimed related to expert witness costs and fees.  The [c]ourt erroneously, and without objection from either party, decided to set a separate restitution hearing[10] due to the complexity and amount of restitution claimed and inability of the defense to then evaluate and contest the amounts claimed.  In view of [Commonwealth] v. Gentry, 101 A.3d 813 (Pa. Super. 2014)[,] and [Commonwealth] v. Mariani, 869 A.2d 484 (Pa. Super. 2005)[,] this was error at least [as] to the restitution claims of the victims.  A restitution hearing was originally scheduled for May 14[, 2019], but was continued to June 11, at the request of the Commonwealth.  Upon realizing its error, it was the intention of this court to vacate the original sentence and deal with the restitution claims before entering an appropriate final sentencing order.  In the meantime, the defense appealed the original sentence on other grounds on May 11, 2019, such that this court could no longer correct the situation.

Supplemental 1925(a) Opinion, 9/11/19, at 1.

As the above-referenced statement indicates, the court conflated restitution, fines, and costs of prosecution, delayed a hearing resolving each

_____

[10] On April 17, 2019, the court ordered a hearing on "restitution, fines and costs" to be held on May 14, 2019.  Trial Court Order, 4/17/19, at 1.

of these penalties until after sentencing, and was divested of jurisdiction before reaching a resolution. Id.; see also Commonwealth v. Klein, 781 A.2d 1133, 1135 (Pa. 2001) (except in limited circumstances, filing notice of appeal divests trial court of jurisdiction). We appreciate the court bringing this to our attention. We will, first, delineate among restitution, costs, and fines, and second, clarify the requirement that restitution be determined at sentencing.

In brief, the Crimes Code provides for restitution as a direct sentence, while portions of the Sentencing Code allow it as a condition of probation or intermediate punishment. Commononwealth v. Harriott, 919 A.2d 234, 238 (Pa. Super. 2007); 42 Pa.C.S. § 9754(c)(8) (authorizing restitution as a condition of probation); 42 Pa.C.S. § 9763(b)(10) (authorizing restitution as a condition attached to intermediate punishment); 204 Pa.Code § 303.14(c)(2) (restitution may be imposed as a direct sentence or as a condition of probation or intermediate punishment). Fines are also a component of a defendant's sentence; costs, on the other hand, are always incidental to judgment. See 42 Pa.C.S. § 9721 (sentencing alternatives include fines); Commonwealth v. Soudani, 165 A.2d 709, 711 (Pa. Super. 1960) (direction to pay costs in criminal proceeding not part of sentence).

Section 1106 of the Crimes Code governs the imposition of restitution as a direct sentence, providing, in relevant part, as follows:

> (2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

- 8 -

(i) Shall consider the extent of the injury suffered by the victim, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such other matters as it deems appropriate.

* * *

(4) (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S. § 1106(c) (emphasis added). We note that under Pennsylvania law, "an order of restitution to be determined later is ipso facto illegal." Mariani, supra at 487.

Section 9721(a) of the Sentencing Code sets forth a trial court's sentencing alternatives; a fine is one of those alternatives. See 42 Pa.C.S. § 9721(a)(5). Fines may either be imposed as a defendant's sole sentence or as an additional sentence when the defendant has derived a pecuniary gain from the crime or the court opines that a fine is "specially adapted to deterrence of the crime involved or to the correction of the defendant." 42 Pa.C.S. § 9726(a), (b)(1)-(2). A court shall not sentence a defendant to pay a fine unless the record demonstrates that: "(1) the defendant is or will be able to pay fine; and (2) the fine will not prevent the defendant from making restitution" to the victim. 42 Pa.C.S. § 9726(c).

In addition to the sentencing alternatives under section 9721(a), the Sentencing Code provides for mandatory restitution to the victim[11] and mandatory payment of costs.[12] Unlike restitution imposed under 42 Pa.C.S. §§ 1106, 9721(c), and unlike fines, which are both part of a defendant's sentence, 42 Pa.C.S. § 9726(a), (b)(1)-(2), "a direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment. Costs do not form a part of the penalty imposed by the statutes providing for the punishment of criminal offenses[.]" Soudani, supra at 711. Furthermore, a court order is not required for a defendant to incur liability for costs under section 9721. See 42 Pa.C.S. § 9721(c.1). "In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section." Id. If, however, the trial court determines, after a hearing, that the defendant is unable to pay costs immediately, the trial court has authority under Pa.R.Crim.P. 706 to determine the amount and method of payment. Pa.R.Crim.P. 706(a)-(c). The trial court may also provide that a defendant shall not be liable for costs under Rule 706. Commonwealth v. Childs, 63 A.3d 323, 326 (Pa. Super. 2013).

Instantly, the Commonwealth provided a preliminary assessment of costs and restitution at sentencing, explaining: "just as a starting point it appears that as far as the costs of prosecution it is $21,288.19 and then there

---

[11] 42 Pa.C.S. § 9721(c).

[12] 42 Pa.C.S. § 9721(c.1).

is restitution of $3,125 for funeral costs and there is also some outstanding counseling fees to [Whitesell's wife] that we don't have final bills on at this point." N.T. Sentencing, 4/10/19, at 2. On April 17, 2019, the court ordered a hearing on "restitution, fines and costs" to be held at a later date.

Here, "the court's order at the initial sentencing, postponing the imposition of restitution until a later date, [fails] to meet the criteria of the restitution statute and taints the entire sentence." Commonwealth v. Muhammed, 219 A.3d 1207, 1215 (Pa. Super. 2019) (quoting Ramos, supra at 770). Accordingly, the sentencing order is illegal, the entire sentence must be vacated, and this matter must be remanded for resentencing. See Ramos, supra at 770-71; Muhammed, supra at 1213.

During resentencing, the trial court shall determine what, if any, restitution is owed pursuant to section 1106. Muhammed, supra at 1213; 18 Pa.C.S. 1106(c)(3). If any fines are owed, they must be imposed at sentencing as well.

Judgment of sentence vacated. Case remanded for resentencing consistent with the dictates of this Opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2020

- 11 -