J-S30012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STACY MARIE BRITTON | |
| Appellant | No. 486 EDA 2022 |

Appeal from the PCRA Order Entered January 18, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0002192-2015

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 14, 2022**

Appellant, Stacy Marie Britton, appeals from the January 18, 2022 order denying relief under her petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

Our Supreme Court summarized the underlying facts on direct appeal:

> In July of 2002, human remains were discovered on a property in Monroe County, Pennsylvania.  The remains were from a body which had been dismembered and burned in two, 55-gallon barrels.  A forensic examination revealed that the cause of the victim's death was multiple stab wounds and blunt force trauma to the head and torso.  The examination further revealed that the victim's head, hands, and legs were amputated postmortem.
>
> At the time of the victim's death, Appellant lived with her then-husband, James Britton ("James"), in Wilkes-Barre, Pennsylvania.  On August 24, 2002, the Brittons' home burned down as a result of arson, and the couple moved to California.

---

[*] Retired Senior Judge assigned to the Superior Court.

In 2003, the victim was identified as Robert Roudebush ("Victim"), a resident of Wilkes-Barre, Pennsylvania. Around the same time that authorities learned of Victim's identity, James, who was incarcerated on charges unrelated to the instant matter, notified his probation officer and, later, the Pennsylvania State Police that he had information about a July 2002 murder of a person named Bob. James told the police that Larry Tooley, the Brittons' next-door neighbor in Wilkes-Barre, committed the murder. Nonetheless, the case remained cold.

In 2008, Victim's murder was the subject of an investigating grand jury. During those proceedings, the Brittons testified and again suggested that Larry Tooley had committed Victim's murder. It, however, does not appear that anyone was charged as a result of the grand jury investigation. Consequently, the murder continued to remain unsolved.

On August 14, 2015, Appellant, who was living in San Bernardino County, California, called authorities in Pennsylvania to discuss information that she had regarding a 2002 homicide. More specifically, Appellant informed Monroe County Detective Joseph Coddington that on July 4, 2002, James killed Victim. During the course of their conversation, Appellant stated to the detective that she would prefer to speak to someone in person.

Detective Coddington passed this information along to his colleague, Monroe County Detective Wendy Serfass, who then contacted Corporal Shawn Williams of the Pennsylvania State Police. Corporal Williams called Appellant in California, and she repeated her story that James killed Victim. Appellant also stated that she dismembered the body at James' request and further described how the couple disposed of the body by placing the remains in plastic bags, driving them to a property, and burning them in barrels.

***Commonwealth v. Britton***, 229 A.3d 590, 591–92 (Pa. 2020). Pennsylvania State Police arranged for Appellant to be interviewed by local authorities in San Bernardino County. Appellant's interviews with California authorities took place over several days, and then Pennsylvania law enforcement arranged for her return, upon which she was charged with numerous offenses arising out

of the Victim's death. Appellant filed a pretrial motion to suppress the statements she made to the California authorities, arguing that they were acting as agents of Pennsylvania authorities while surreptitiously recording her statements in violation of the Pennsylvania Wiretap Act. The trial court denied the motion.

On November 9, 2016, a jury found Appellant guilty of first-degree murder, conspiracy, perjury, and hindering apprehension.[1] On January 6, 2017, the trial court imposed life imprisonment without parole for murder and concurrent sentences for the remaining offenses. This Court affirmed on March 6, 2018, and our Supreme Court affirmed on April 22, 2020. *Commonwealth v. Britton*, 229 A.3d 590 (Pa. 2020).

Appellant, proceeding *pro se*, filed a timely first PCRA petition on March 5, 2021. Appointed counsel filed an amended petition on May 21, 2021. On July 19, 2021, the PCRA court conducted a hearing at which it heard testimony from Appellant, Appellant's trial counsel, and Sergeant Jonathan Cahow, a California police officer involved in Appellant's interrogation. On January 18, 2022, the PCRA court entered its order denying relief, and this timely appeal followed.

Appellant presents two questions:

A. Whether the PCRA court erred and abused its discretion by failing to find that trial counsel was ineffective for not seeking to suppress [Appellant's] statements made in California at a

---

[1] 18 Pa.C.S.A. §§ 2502(a)(1), 903, 3502, and 5105, respectively,

> time when she was demonstrably under the influence of a controlled substance?
>
> B. Whether the PCRA court erred and abused its discretion by failing to find that trial counsel was ineffective for not pursuing questioning at trial regarding evidentiary matters which could have changed the outcome of the trial, including whether the killer was right or left-handed and whether [Appellant] had any evidence of defensive wounds after the alleged incident.

Appellant's Brief at 4.

On review from an order denying PCRA relief, we must determine whether the record supports the PCRA court's findings of fact, and whether the PCRA court committed any legal error. *Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014), *appeal dismissed*, 140 A.3d 675 (Pa. 2016). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Id.* "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." *Id.* "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." *Id.* at 1215. To prevail on a claim of ineffective assistance of counsel, a petitioner must plead and prove by a preponderance of the evidence that the underlying claim is of arguable merit; that counsel had no reasonable strategic basis for the disputed action or inaction; and that but for counsel's error, the outcome of the proceeding would have been different. *Commonwealth v. Campbell*, 260 A.3d 272, 277 (Pa. Super. 2021), *appeal*

***denied***, 283 A.2d 178 (Pa. 2022). The petitioner's failure to prove any of these three prongs is fatal to the claim. ***Id.***

Appellant's first argument is that trial counsel was ineffective for failing to argue for suppression of her statements to California law enforcement on grounds that she was under the influence of marijuana when she gave them. The law on this point is clear:

> The fact that an accused has been drinking does not automatically invalidate his subsequent incriminating statements. The test is whether he had sufficient mental capacity at the time of giving his statement to know what he was saying and to have voluntarily intended to say it. Recent imbibing or the existence of a hangover does not make his confession inadmissible, but goes only to the weight to be accorded to it.

***Commonwealth v. Ventura***, 975 A.2d 1128, 1137–38 (Pa. Super. 2009), ***appeal denied***, 987 A.2d 161 (Pa. 2009). In ***Commonwealth v. Benvenisti-Zarom***, 229 A.3d 14, 23 (Pa. Super. 2020), ***appeal denied***, 239 A.3d 1095 (Pa. 2020), this Court found no error in the order denying suppression where the defendant had been administered fentanyl just prior to speaking with a police officer. The officer, who was trained in recognizing signs of impairment, testified that the defendant was "alert and able to have an intelligent conversation." ***Id.*** at 23. Thus, the law does not require exclusion of Appellant's confession if she was under the influence at the time, so long as she had sufficient mental capacity to understand what she was saying.

At the PCRA hearing, trial counsel testified that he did not raise an intoxication issue based on "a fair hearing" of Appellant's recorded California interviews. N.T. PCRA Hearing, 7/19/21, at 24. Consistent with the law, set forth above, counsel testified that "being too intoxicated to waive Mirandas[2] is a very high standard." *Id.* Thus, trial counsel discerned no basis for challenging the admissibility of Appellant's statements on grounds of intoxication. Sergeant Jonathon Cahow, one of the California police officers who interviewed Appellant, testified that he observed no signs of intoxication. *Id.* at 52, 55. Appellant's responses to his questions were clear. *Id.* Sergeant Cahow had experience recognizing the signs of marijuana impairment. *Id.* at 49. Appellant testified that she was using medical grade marijuana and was high through her three days of interviews with the California police. *Id.* at 35. She claimed her marijuana use made her want to please the interviewing officers. *Id.* Appellant testified that she answered the door to the California authorities in a cloud of marijuana smoke, but her testimony did not match Sergeant Cahow's observation or recollection. *Id.* at 36, 52.

In summary, then, neither Sergeant Cahow nor trial counsel observed any signs of intoxication in Appellant during her California interviews. Here, as in *Benvenisti-Zarom*, a trained officer testified that Appellant exhibited

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966). We observe that the trial court, in denying Appellant's pretrial suppression motion, found that Appellant was not taken into custody by the California police.

no signs of impairment, and was able to carry on an intelligent conversation. The only evidence to the contrary is Appellant's self-serving testimony. Thus, the facts of record support a finding that Appellant's level of intoxication during her interviews, if any, was not sufficient to create an issue as to the admissibility of her statements to the California police. The trial court was entitled to find Appellant's testimony not credible. Appellant's first assertion of ineffective assistance of counsel lacks record support, and therefore lacks arguable merit.

Next, Appellant argues that trial counsel was ineffective for failing to explore whether the victim's killer was right- or left-handed, and whether Appellant had any defensive wounds after the murder. Appellant's brief in support of this argument comprises two paragraphs with no citation to the record or supporting authority. Appellant's Brief at 18-20. This deficiency results in waiver. Pa.R.A.P. 2119(b), (c); *Commonwealth v. Mulkin*, 228 A.3d 913, 917 (Pa. Super. 2020).

Further, the issue lack merit. Regarding the alleged defensive wound, there was evidence that Appellant was treated for a laceration on her knee on the night of the murder. This evidence was helpful to the Commonwealth because it helped the Commonwealth establish that Appellant was an active participant in the murder, and because Appellant's explanation for the wound changed over time. Defense counsel elected not to highlight evidence helpful to the Commonwealth. Further, an attempt to establish that Appellant

suffered a defensive would have contradicted defense counsel's strategy of establishing that Appellant was not present at the scene of the murder and became involved after the fact.

Regarding whether the attacker was right- or left-handed (Appellant is right-handed; her husband is left-handed), Appellant fails to explain whether, given the state of the victim's burned and dismembered body, the attacker's right- or left-handedness would have been discernible.

For all of the foregoing reasons, Appellant's arguments lack merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2022