J-A19018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PAUL JOSEPH WASSEL, JR. :
:
Appellant : No. 2378 EDA 2022

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Pike County
Criminal Division at No: CP-52-CR-0000325-2020

BEFORE: BOWES, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.: **FILED DECEMBER 7, 2023**

Appellant, Paul Joseph Wassel, Jr., appeals from the June 3, 2022 judgment of sentence imposing an aggregate 15 to 30 years of incarceration for possession with intent to deliver (PWID) a controlled substance (heroin/fentanyl), conspiracy, and related offenses. We affirm.

The record reflects that Kenneth Smith became the target of a drug trafficking investigation after an overdose death that occurred on April 25, 2020. Police arranged two controlled buys between Kenneth Smith and a confidential informant ("CI"), later identified as Eric Torbeck. Appellant and Kenneth Smith arrived together in a Chevrolet Malibu for the second controlled buy. Police arrested both men afterward. They recovered a small amount of

_____

[*] Retired Senior Judge assigned to the Superior Court.

marijuana and ten baggies of heroin/fentanyl stamped "Mike Tyson" from Appellant's person. A search of the Chevrolet Malibu revealed 46 bricks and three bundles of heroin/fentanyl labeled "Mike Tyson."

On August 31, 2020, police charged Appellant with one count each of PWID, conspiracy to commit PWID, possession of a controlled substance, possession of a small amount of marijuana, and possession of paraphernalia.[1] On March 11, 2022, at the conclusion of a three-day trial, a jury found Appellant guilty on all counts. The trial court imposed sentence on June 3, 2022, and Appellant filed a timely post-sentence motion seeking modification of his sentence on June 13, 2022. The trial court denied that motion on August 17, 2022. This timely appeal followed.

Appellant raises six assertions of error, some of which contain several subparts. Appellant's Brief at 2-9. We will take each argument in turn, paraphrasing for clarity.

Appellant's first argument, containing two subparts, addresses his conviction for possession of a small amount of marijuana. Appellant's Brief at 2. In the first subpart, Appellant argues that his conviction for possession of a small amount of marijuana cannot stand because the trial court found *prima facie* evidence lacking at a pretrial proceeding. Appellant's Brief at 2. Appellant is incorrect. The result of a pretrial proceeding is immaterial where

---

[1] 35 P.S. § 780-113(a0(30), 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(16), (31), and (32), respectively.

the Commonwealth meets its burden of proof at trial. **Commonwealth v. Haney**, 131 A.3d 24, 36 (Pa. 2015), **cert. denied**, 580 U.S. 830 (2016).

In the second subpart of his first argument, Appellant claims the trial court should have modified its instruction on this charge to note that Appellant had a medical marijuana card. Appellant's written argument on this point is a single sentence unsupported by citation to any legal authority. Appellant's Brief at 17. This results in waiver. Pa.R.A.P. 2119(b); **see Commonwealth v. Mulkin**, 228 A.3d 913, 917 (Pa. Super. 2020) (noting that failure to develop an argument with citation to pertinent authority results in waiver).

Appellant's second argument is that the trial court abused its discretion in refusing to admit into evidence certain cell phone extractions collected by the police. The Commonwealth introduced portions of a cell phone extraction (the "Extraction") evidencing communications between Kenneth Smith (the owner of the phone) and Appellant. Appellant sought to introduce other portions of the Extraction, purportedly evidencing communications between Kenneth Smith and Torbeck, on the theory that they "would show [that the] conspiracy between [Torbeck] and Kenneth Smith to exchange and obtain drugs, existed prior to any involvement of [Appellant]." Appellant's Brief at 19. Corporal Shawn Smith of the Pennsylvania State Police, the person who conducted the Extraction, testified that he retrieved all of the content from Kenneth Smith's cell phone but did not recall the communications Appellant sought to introduce. N.T. 5/10/22, at 53. The Commonwealth objected on

grounds of authenticity, as the document had only a date on it. *Id.* at 54. The trial court excluded the document as containing hearsay. N.T. 5/10/22, at 55-56, 59.

Our standard of review of a trial court's evidentiary decisions is narrow; we reverse only where the trial court committed an abuse of discretion. *Commonwealth v. Hernandez*, 230 A.3d 480 (Pa. Super. 2020). To authenticate evidence, the proponent of its admission must introduce sufficient evidence that the document is what it purports to be. Pa.R.E. 901; *Commonwealth v. Koch*, 39 A.3d 996, 1002-03 (Pa. Super. 2011), *aff'd by an equally divided Court*, 106 A.3d 705 (Pa. 2014). Testimony of a person with knowledge can meet this test. *Id.*

In the first subpart of this argument, Appellant claims the proffered evidence was both authentic and relevant. Appellant's Brief at 2. Appellant relies on *Koch* in support of authenticity, but in this case, unlike *Koch*, we have no record of the communications in question. Corporal Smith presumably could have testified that the proffered document was an accurate copy of the electronic extraction, had he been given the chance to compare the two, but authentication of an electronic communication requires more than that under *Koch*. "[A]uthentication of electronic communications, like documents, requires more than mere confirmation that the number or address belonged to a particular person. Circumstantial evidence, which tends to corroborate the identity of the sender, is required." *Id.* at 1005. Appellant

does not describe the communications in question or cite to any portion of the record that includes them. Thus, he cannot describe how these communications include contextual clues as to their authenticity—i.e., that they came from the person registered to the cell phone number rather than another person with access to the phone. Appellant has failed to develop a meritorious argument under **Koch**, and he also has failed to provide a sufficient record to facilitate appellate review. The latter results in waiver. Pa.R.A.P. 2119(a), (c).

Further, as noted above, the trial court excluded the proffered evidence not for lack of authenticity but as inadmissible hearsay. Appellant did not include this issue in his questions presented, and the single paragraph of his brief he devotes to it contains no citation to authority. Appellant's Brief at 19. Thus, Appellant's hearsay argument is unreviewable. **Mulkin**, 228 A.3d at 917; Pa.R.A.P. 2116(a) and 2119(b). Likewise, the second subpart of Appellant's argument—asserting prosecutorial misconduct assisted by Corporal Smith (Appellant's Brief at 3)—is not addressed in the body of Appellant's brief. We therefore do not address it.

Appellant's third argument is that the trial court erred in sustaining the Commonwealth's blanket objection to Appellant's challenges to the character of Torbeck. His fourth argument addresses the Commonwealth's alleged discovery violations. Both are entirely unsupported by citation to authority

and therefore unreviewable. Appellant's Brief at 19-24; *Mulkin*, 228 A.3d at 917; Pa.R.A.P. 2119(b).

In his fifth argument, Appellant challenges the trial court's entrapment instruction. Appellant claims he merely wanted to purchase drugs from Torbeck; he did not intend to make a drug run with Kenneth Smith. Appellant claims Torbeck duped him into picking up Kenneth Smith and then allowing Kenneth Smith to drive the Chevy Malibu to Paterson New Jersey before arriving at the site of controlled buy. Appellant notes that the standard entrapment instruction applies where the defendant has been deceived about the legality of the act.[2] Here, Appellant claims that Torbeck, as the CI and an agent of the Commonwealth, deceived him into committing a greater offense than the one he intended. He claims the trial court erred in not altering the standard entrapment instruction to reflect that fact. Appellant's Brief at 24.

---

[2] The Crimes Code defines entrapment:

> (a) General rule.--A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:
>
> (1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or
>
> (2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

18 Pa.C.S.A. § 313(a).

- 6 -

Appellant raises this argument for the first time on appeal, in violation of Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). The record reveals that, after instructing the jury, Appellant requested clarification of the entrapment instruction on the following grounds:

> THE COURT: I think I covered what we discussed in chambers, but is there any request for further instructions or further exceptions to the Court's instructions?
>
> [DEFENSE COUNSEL]: I think the instruction related to entrapment eliminated the bad character not prior criminal acts that was part of the instruction including the previous criminal acts. That was requested.
>
> THE COURT: I think I had read it verbatim from the standard instruction. Let me find the—but the crimes, these crimes aren't theft related, so they wouldn't be similar, and I had given a charge on intent and the prior crimes meaning that's not proof of his guilt.
>
> [DEFENSE COUNSEL]: I believe he testified that he had the possession charges.
>
> THE COURT: Well, I think I had only – alright, let me just clarify that, but I'll just indicate I think there was some reference to possession charge that he had testified about. Okay. So, I'll just indicate that that defense is available to him regardless of that if they find that to have been the case just as with for person of bad character so, I'll just clarify that. Anything else?
>
> [DEFENSE COUNSEL]: Thank you.

N.T., 3/11/22, at 106-07. The trial court went on to clarify to the jury that Appellant's prior conviction for possession of a controlled substance did not disqualify him from prevailing on his entrapment defense. *Id.* at 107-08.

Thus, the issue Appellant raised at trial—that a prior drug conviction did not preclude him from asserting an entrapment defense in this case—was addressed by the trial court, apparently to Appellant's satisfaction. Appellant's entrapment argument in his brief is entirely different. And the case Appellant cites, **Commonwealth v. Lucci**, 662 A.2d 1 (Pa. Super. 1995), **appeal denied**, 672 A.2d 305 (Pa. 1995), does not hold that an entrapment defense is available to a defendant who was enticed into committing a greater offense than the one he intended. **Lucci** addresses entrapment as a matter of law— a defense available when the police misconduct is so egregious that the question of entrapment may be removed from the jury and decided by the court. Appellant never raised entrapment as a matter of law at trial, and the argument in his brief is waived because he is raising it for the first time on appeal. Pa.R.A.P. 302(a).

Appellant's fifth argument includes a second subpart[3] addressing the verdict slip: "In this case, since there were three separate parcels of controlled substance, they must find if [Appellant] was in possession of one or a combination of them to render a finding of guilt." Appellant's Brief at 25. Appellant does not provide any legal support for the proposition that a guilty verdict on the PWID was invalid without a finding as to the weight of drugs

---

[3] In his statement of the questions presented, this argument contains five subparts. Appellant's Brief at 6-8. We confine our analysis to the issues addressed in the argument section of Appellant's Brief.

involved. The definition of the offense contains no such requirement. 35 P.S. § 780-113(a)(30). Likewise, the grading of PWID as to fentanyl and/or heroin, both Schedule I controlled substances, does not depend on the weight of those drugs. 35 P.S. §§ 780-104(1); 780-113(f). This argument lacks merit.

In his sixth and final argument, which is related to his challenge to the verdict slip, Appellant claims the trial court abused its sentencing discretion in imposing a sentence at the top of the standard guideline range. Appellant claims that, without jury findings as to the weight of the drugs involved, the trial court had no means of computing his offense gravity score (OGS). Appellant asserts that it is likely the jury believed he was in possession of only a small amount of the drugs recovered from the white Chevy Malibu he shared with Kenneth Smith. Thus, he argues that the trial court applied a guideline range that was based on an erroneously inflated OGS.

Appellant failed to include this argument in his Pa.R.A.P. 1925(b) statement. In his Pa.R.A.P. concise statement of matters complained of on appeal, Appellant stated the issue as follows:

> Did the trial court abuse its discretion in sentencing where it used the maximum guidelines range for possession with intent to distribute and for conspiracy thereon, where possession and conspiracy as instructed were by implication one in the same implied as accomplice liability, where the evidence showed that [Appellant] had little to no involvement with the ongoing activities of Kenneth Smith who was the target of the investigation, and was only contacted at the last minute to pick up Kenneth Smith at the prompting of the CI, where the court displayed bias against [Appellant] stating he was 'detached from reality' and where the

- 9 -

sentence of a minimum of 15 years is beyond the court's sentencing for similar conduct, and which sentence is extreme, outrageous and shocks the conscience?

Appellant's Concise Statement of Matters Complained of on Appeal, 10/11/22, at Issue VI. The issue as stated is difficult to follow, but it does not challenge the trial court's computation of the OGS. The omission of that issue from Appellant's concise statement results in waiver. Pa.R.A.P. 1925(b)(4)(vii).

In summary, we have found each of Appellant's arguments to be lacking in merit, inadequately briefed, and/or not preserved at trial. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/07/2023