J-S34025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA KEITH BISHOP | : | |
| | : | |
| Appellant | : | No. 342 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 28, 2022
In the Court of Common Pleas of Erie County
Criminal Division at No:  CP-25-CR-0001758-2021

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                **FILED: December 28, 2023**

Appellant, Joshua Keith Bishop, appeals from the judgment of sentence imposed on January 28, 2022 in the Court of Common Pleas of Erie County following entry of his open guilty plea to aggravated assault, 18 Pa.C.S.A. § 2702(a)(4).  Appellant contends that the trial court erred by failing to permit him to withdraw his guilty plea prior to sentencing and that his sentence was manifestly excessive because the court failed to consider his ability to pay costs.  Following review, we affirm.

The record reflects that on April 28, 2021, Appellant was charged in an eight-count complaint with, *inter alia*, attempted murder as well as aggravated assault as both a first- and second-degree felony.  The charges stemmed from a shooting on April 27, 2021 that followed a verbal altercation between Appellant and his victim, Nicholas Keesling.  The complaint reflects that

Appellant 'was in possession of a .38 caliber revolver which he did fire one shot into the floor . . . and an additional shot which did strike Keesling in the chest. Keesling did require immediate life saving medical procedures[.]" Criminal Complaint (Brief Summary of Facts), 4/28/21, at 1-2 (unnumbered). We note that Appellant was licensed to carry the firearm.

At a hearing held on October 28, 2021, Appellant entered into an open guilty plea to one count of aggravated assault as a second-degree felony. The Commonwealth proposed a state sentence of one-to-two years in prison. At the conclusion of the hearing, the trial court ordered a pre-sentence investigation report. Appellant's sentencing hearing was conducted on January 28, 2022.

> With regard to Appellant's guilty plea, the trial court explained:
>
> A review of the record shows that on January 19, 2022, [Appellant] sent a letter to his plea counsel requesting to withdraw his guilty plea because he was "not guilty of the charge(s)." No motion to withdraw guilty plea was filed.
>
> . . .
>
> In this case, no motion to withdraw guilty plea was filed. [Appellant's] sole basis, in his letter, for requesting to withdraw the plea was based on a claim of innocence. At the time of his sentencing, the court discussed the matter thoroughly with [Appellant].

Trial Court Opinion, 3/1/23, at 1-2.

In an excerpt from the sentencing hearing quoted in the trial court's opinion, the court explained that Appellant sent his letter requesting withdrawal of the guilty plea to the Erie County Clerk of Courts. The court

- 2 -

advised Appellant that "when you have an attorney, that's not going to work. You have to go through your attorney, and your attorney has to file a motion to withdraw the plea." *Id.* at 3 (quoting Notes of Testimony, Sentencing ["N.T."], 1/28/22, at 7).

The trial judge proceeded to explain that he would permit Appellant to file a motion to withdraw his plea, in which case a hearing would be held on the motion. Further discussion ensued, during which it was explained that the filing of a motion to withdraw the plea would prompt the withdrawal of the plea deal offered to Appellant. The deal was a "global deal" that included a separate domestic case. The prosecutor explained, "They are separate cases. It's just we gave you a very large break on one of them, due to you pleading on the other one. So, if the consideration to us goes away, we can't give you that benefit anymore. So, just want to make you[] aware of that. *Id.* at 4 (quoting N.T., 1/28/22, at 11). The court then asked Appellant what he wanted to do, to which Appellant responded, "I'm going to go through with this. I'm going to go through with sentencing with both pleas." *Id.* at 5 (quoting N.T., 1/28/22, at 11). The court then imposed the sentence of one-to-two years in prison, with credit for time served, followed by concurrent sentences of probation on both dockets. In addition, the court imposed costs totaling $6,511.75.

No direct appeal was taken but Appellant later sought, and was awarded, reinstatement of his direct appeal rights and an appeal was subsequently filed

with this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents two issues for our consideration:

The trial court erred in failing to allow [Appellant] to withdraw his plea when he requested that trial counsel file a motion to withdraw his plea prior to sentencing[.]

The sentence in this case was manifestly excessive and clearly unreasonable and was illegal, when the trial court failed to consider during his sentencing his ability pay fines or court costs[.]

Appellant's Brief at 2.

In his first issue, Appellant contends that the trial court erred by failing to permit him to withdraw his guilty plea prior to sentencing. As this Court observed in *Commonwealth v. Hart*, 174 A.3d 660 (Pa. Super. 2017), "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Id.* at 664. However, as noted above, "[i]n this case, no motion to withdraw guilty plea was filed." Trial Court Opinion, 3/1/23, at 2. Nevertheless, Appellant claims that he did not have an opportunity "to share with the trial court his reasons for requesting a withdrawal of his plea, as trial counsel did not heed his request in his letter by filing a motion to withdraw." Appellant's Brief at 6.

The record belies Appellant's assertion. The trial judge specifically stated, "I'll allow you to file the motion. I'm not saying that we'll let you withdraw the pleas. But I'll at least allow you to file the motion, and we'll have a hearing on it. Umm, but that's up to you and your counsel." N.T.,

1/28/22, at 7. Subsequently, after being advised that his plea deal would be withdrawn if he sought to withdraw his plea, Appellant stated, "I'm going to go through with this. I'm going to go through with sentencing with both pleas." *Id.* at 11.

Because Appellant did not file a motion to withdraw his guilty plea, he cannot complain that the trial court erred in "failing to allow [him] to withdraw his plea." Appellant's Brief at 4. Appellant's first issue fails.

In his second issue, Appellant asserts that his sentence was manifestly excessive, unreasonable, and illegal because the trial court failed to consider his ability to pay costs imposed at the time of sentencing. He does not challenge the length, reasonableness, or legality of the term of his incarceration or the probationary sentences imposed. Rather, he "argues that his sentence was manifestly excessive and clearly unreasonable due to the fact that the costs lodged against him . . . was beyond his ability to pay and is an excessive punishment." Appellant's Brief at 4.

As this Court explained in *Commonwealth v. Mulkin*, 228 A.3d 913 (Pa. Super. 2020):

> In addition to the sentencing alternatives under section 9721(a), the Sentencing Code provides for mandatory restitution to the victim and **mandatory payment of costs**. Unlike restitution imposed under 42 Pa.C.S. §§ 1106, 9721(c), and unlike fines, which are both part of a defendant's sentence, 42 Pa.C.S. § 9726(a), (b)(1)-(2), "**a direction to pay costs in a criminal proceeding is not part of the sentence, but is an incident of the judgment.** Costs do not form a part of the penalty imposed by the statutes providing for the punishment of criminal

offenses[.]" [***Commonwealth v. Soudani***, 165 A.3d 709, 711 (Pa. Super. 1960).]

***Id.*** at 919 (emphasis added; footnotes omitted).

In ***Commonwealth v. Lopez***, 280 A.3d 887 (Pa. 2022), our Supreme Court specifically considered whether Pa.R.Crim.P. 706(C) "requires a trial court to consider a defendant's ability to pay prior to imposing mandatory court costs at sentencing[.]" ***Id.*** at 894 (citation omitted).[1] The Court observed that "[t]he proper interpretation of a rule of criminal procedure is a question of law, for which the standard of review is *de novo* and the scope of review is plenary." ***Id.*** (citing ***Commonwealth v. Hann***, 81 A.3d 75, 65 (Pa. 2013)). After conducting its review, the Court announced:

> [I]t is apparent from multiple decisions by this Court and the Superior Court, as well as the plain language of the rule, its comment, and statutes *in pari materia*, that Rule 706(C) does not require consideration of the defendant's ability to pay prior to the imposition of mandatory court costs at sentencing.

***Id.*** at 902.[2]

---

[1] Rule 706(C) provides: "The court, in determining the amount and method of payment of a fine or costs shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations." Pa.R.Crim.P. 706(C).

[2] Although it is not necessary to determine the ability to pay prior to imposing costs, we note that an ability-to-pay determination would be required before sanctions could be imposed upon failure to pay those costs. In accordance with Rule 706(A), "A court shall not commit the defendant to prison for failure to pay a fine or costs unless it appears after hearing that the defendant is financially able to pay the fine or costs." As the Court stated in ***Lopez***, "Rule
*(Footnote Continued Next Page)*

Because the costs imposed on Appellant were not part of his sentence, and because Rule 706(C) does not require consideration of a defendant's ability to pay prior to imposition of mandatory costs at sentencing, Appellant has failed to articulate any cognizable challenge to his sentence. Appellant's second issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/28/2023

_____

706 requires the court to determine the defendant's ability to pay prior to committing him to prison for a default but no sooner." *Id.* at 901.