J-S35021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SHALIN SAMAR CORBETT | : | |
| | : | |
| Appellant | : | No. 111 MDA 2025 |

Appeal from the Judgment of Sentence Entered December 18, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000797-2022

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:          **FILED: MARCH 9, 2026**

Shalin Samar Corbett (Appellant) appeals from judgment of sentence imposed when, following a technical violation,[1] the violation of probation (VOP) court revoked his probation and resentenced him to a term of imprisonment.  After careful review, we vacate Appellant's judgment of sentence and remand for resentencing.

On November 12, 2022, Appellant pled guilty to one count of harassment.[2]  On January 18, 2023, the trial court sentenced Appellant to 12

---

[1] A "technical violation" is "[a] violation of the specific terms and conditions of a defendant's probation, other than by the commission of a new crime of which the defendant is convicted or found guilty by a judge or jury or to which the defendant pleads guilty or *nolo contendere* in a court of record."  42 Pa.C.S.A § 9774.1(k).

[2] 18 Pa.C.S.A. § 2709(a)(7).

months' probation. On the same date, the trial court sentenced Appellant to 12 months' probation at an unrelated docket, with the instant probationary sentence imposed consecutive to the unrelated sentence.

On November 29, 2024, the Commonwealth filed a Petition to Determine Probation Violation. The Commonwealth alleged Appellant violated his probation as follows:

> Rule #1: In that [Appellant] failed to report [to his probation officer] as directed.
>
> Rule #12: In that [Appellant] failed to complete [a mental health/intellectual disabilities/early intervention] evaluation and comply with any recommendations.

Petition to Determine Probation Violation, 11/29/24, ¶ 2.

On December 18, 2024, the VOP court held a hearing on the petition, at which Appellant admitted to the alleged violations. *See* N.T., 12/18/24, at 2. The VOP court found Appellant in violation, revoked his probation, and resentenced him to imprisonment for a minimum term of one day and a maximum term of 12 months. *See* Sentencing Order, 12/18/24.

Appellant timely appealed. Appellant and the VOP court have complied with Pa.R.A.P. 1925. Appellant presents the following questions for our review:

> 1. Whether the [VOP] court erred when it revoked [Appellant's] probation for a first technical violation and resentenced [him] to a [sentence of] total confinement without a proper basis under … 42 Pa.C.S.[A.] § 9771(c)[, as amended by the Act of Dec. 14, 2023, P.L. 381, No. 44] ("Act 44" …)?

- 2 -

2. Whether the [VOP] court erred when, after a revocation of probation, it imposed an illegal sentence with a maximum confinement period of 12 months' incarceration[,] in excess of the fourteen (14) day statutory maximum for incarceration for a first technical violation under 42 Pa.C.S.[A.] § 9771?

Appellant's Brief at 5.

In his first issue, Appellant argues his probation revocation and resentencing is governed by the current version of 42 Pa.C.S.A. § 9771(c), as amended by Act 44, which took effect on June 11, 2024. Appellant's Brief at 12-14. Though his original probationary sentence was imposed before the amendment's effective date, Appellant maintains that the amendment applied to his revocation sentence, which was imposed after that date. *Id.* at 13 (citing Act of Dec. 14, 2023, P.L. 381, No. 44, § 5). Appellant further argues Act 44 provides that its amendments (except for a certain section not applicable here) apply retroactively. *Id.*

Appellant observes that the amended section 9771(c) established "a presumption against total confinement for technical violations of probation," and provides that courts may impose sentences of total confinement for technical violations only if certain delineated prerequisites are satisfied. *Id.* (quoting 42 Pa.C.S.A. § 9771(c)).[3] Appellant argues none of those

_____

[3] Amended section 9771(c)(1) provides as follows:

*(Footnote Continued Next Page)*

---

**(c) Limitation on sentence of total confinement.--**There is a presumption against total confinement for technical violations of probation.  The following shall apply:

(1) The court may impose a sentence of total confinement upon revocation only if:

> (i) the defendant has been convicted of another crime;

> (ii) the court finds by clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and the defendant cannot be safely diverted from total confinement through less restrictive means; or

> (iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

>> (A) The technical violation was sexual in nature.

>> (B) The technical violation involved assaultive behavior or included a credible threat to cause bodily injury to another, including acts committed against a family or household member.

>> (C) The technical violation involved possession or control of a firearm or dangerous weapon.

>> (D) The technical violation involved the manufacture, sale, delivery or possession with the intent to manufacture, sell or deliver, a controlled substance or other drug regulated under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act.

>> (E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

>> (F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement

*(Footnote Continued Next Page)*

prerequisites were satisfied here; therefore, the presumption against total confinement was not overcome. *Id.* at 22-24. Accordingly, Appellant asserts, his sentence of one day to 12 months' imprisonment constitutes an illegal sentence. *Id.*

In its Rule 1925 opinion, the VOP court opined that the amended version of section 9771(c) did not apply to Appellant's probation revocation and resentencing. VOP Court Opinion, 3/5/25, at 7-8. The VOP court applied the previous version of section 9771(c), and determined that Appellant's total confinement sentence was appropriate under that version. *Id.*

On February 17, 2026, an *en banc* panel of this Court decided *Commonwealth v. Seals*, ___ A.3d ___, 2026 PA Super 29 (Pa. Super. filed Feb. 17, 2026) (*en banc*). There, Seals admitted to technical probation violations and, on July 17, 2024, the trial court revoked his probation and resentenced him to a term of total confinement, purporting to apply the pre-Act 44 version of section 9771(c). *Seals*, 2026 PA Super 29 (Slip Op. at 6-7).

Initially, the *Seals* Court held that

a claim that the trial court failed to adhere to section 9771(c) when resentencing a probationer to a period of total confinement

---

through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

42 Pa.C.S.A. § 9771(c)(1) (footnote omitted).

implicates the legality of the sentence, not its discretionary aspects. … [W]hen resentencing a probationer following a revocation of probation, section 9771(b) generally authorizes the sentencing court to exercise its discretion to choose among the same sentencing alternatives that were available at the time of the initial sentencing. 42 Pa.C.S.[A.] § 9771(b); *see also id.* § 9721(a). The plain language of the statute, however, limits this discretion, in relevant part, for resentences to terms of incarceration. *Id.* Section 9771(c) contains an express "presumption" that total confinement is not warranted for technical violations of probation and authorizes the court to impose a term of imprisonment "only if" one of the statutory prerequisites in subsection (1) exist. *Id.* § 9771(c)(1). In addition to another criminal conviction, the General Assembly made an exception to this prohibition solely for technical violations that meet specified criteria relating to the probationer's conduct, which must be proven to a specified evidentiary standard; for several provisions, the trial court must first rule out less restrictive resentencing alternatives. *Id.* § 9771(c)(1)(i)-(iii).

If the Commonwealth satisfies its burden of proving one of the three exceptions to the prohibition against incarceration for technical violations of probation, only then does the trial court have discretion to impose a resentence of total confinement. *See id.* § 9771(c) (providing that the trial court "may impose a sentence of total confinement" if the Commonwealth establishes one of the enumerated exceptions to the presumption against total confinement of technical probation violators). In the absence of the requisite proof of one of the three exceptions, however, the trial court has no such discretion and is prohibited from issuing a sentence of incarceration for a technical probation violation. *Id.* In other words, without the fulfillment of statutory preconditions, section 9771(c) strips the sentencing court of its customary authority to exercise discretion in sentencing.

*Seals*, 2026 PA Super 29 (Slip Op. at 27-28).

The *Seals* Court further determined that the amended section 9771(c)

applied to Seals' revocation and resentencing, reasoning as follows:

We reject the trial court's contention that Act 44 applies only to defendants who were sentenced or resentenced to probation on or after June 11, 2024, and the corollary that Act 44 does not

- 6 -

apply here because Seals was resentenced to a term of total confinement. By its express terms, Act 44 does not limit its application to individuals resentenced to probation. *See* Act of Dec. 14, 2023, P.L. 381, No. 44, § 5(1)-(2). Nor would such an interpretation make logical sense, as Act 44 plainly restricts a trial court's authority to impose a term of total confinement upon resentencing. *See* 42 Pa.C.S.[A.] § 9771(c). Moreover, the modifications made by Act 44 to the Sentencing Code extend beyond probation resentencing.

Uncodified provisions of Act 44 state that it "shall apply" to two groups: (1) "individuals sentenced or resentenced on or after the effective date of this section"; and (2) except for section 9774.1, "individuals sentenced or resentenced prior to the effective date of this section." *See* Act of Dec. 14, 2023, P.L. 381, No. 44, § 5. Stated another way, by its express terms, Act 44's amendments (other than section 9774.1) "are to be construed retroactively," as "clearly indicated under the provisions of the statute." *Commonwealth v. Shaffer*, 734 A.2d 840, 843 (Pa. 1999) (citation omitted).

At the General Assembly's directive, Act 44's amendments codified at 42 Pa.C.S.[A.] § 9771(c) apply to Seals because he was resentenced after the effective date of Act 44. But even if he had been sentenced prior to the effective date of Act 44, the General Assembly makes clear that it would still have applied to him. Thus, the trial court erred by applying the prior version of section 9771(c) when imposing Seals' resentence.

Because the trial court found that the amended version of section 9771(c) did not apply to Seals' resentencing, it did not make any findings as to whether Seals' technical violations satisfied the prerequisites to imposing a sentence of total confinement. *See* 42 Pa.C.S.[A.] § 9771(c)(1). Further, Seals' sentence of total confinement is far greater than the maximum authorized sentence for a first (or second) technical probation violation. *See id.* § 9771(c)(2)(i). As the trial court exceeded the authority bestowed upon it under the applicable version of section 9771(c) to impose a sentence of total confinement following the revocation of Seals' probation, his sentence is illegal.

*Seals*, 2026 PA Super 29 (Slip Op. at 47-49) (footnotes omitted).

"A challenge to the legality of sentence raises a question of law," for which "[o]ur standard of review … is *de novo* and the scope of our review is plenary." ***Commonwealth v. Mulkin***, 228 A.3d 913, 917-18 (Pa. Super. 2020) (citations omitted).

Instantly, in light of ***Seals***, we agree with Appellant that the amended version of section 9771(c) applied to his probation revocation and resentencing, and the VOP court therefore erred in applying the previous version. Like the trial court in ***Seals***, the VOP court here did not make any findings as to whether Appellant's technical violations satisfied the prerequisites to imposing a sentence of total confinement set forth in the amended section 9771(c)(1). The VOP court did not determine, and the Commonwealth does not argue, that those prerequisites were satisfied here. ***See generally*** VOP Court Opinion, 3/5/25; Commonwealth Brief. Accordingly, the VOP court lacked the statutory authority to impose a sentence of incarceration, and Appellant's sentence of one day to 12 months' imprisonment is therefore illegal.[4]

Based on the foregoing, we vacate Appellant's judgment of sentence and remand for resentencing consistent with this memorandum.

---

[4] In light of our disposition, we need not consider Appellant's second issue.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 03/09/2026