J-S34011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAIVON TYHEED SWEENEY | : | |
| | : | |
| Appellant | : | No. 1255 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 2, 2024
In the Court of Common Pleas of Berks County
Criminal Division at No: CP-06-CR-0002700-2023

BEFORE: STABILE, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:               **FILED: FEBRUARY 17, 2026**

Appellant, Jaivon Tyheed Sweeney, appeals *pro se* from the July 2, 2024 judgment of sentence imposing an aggregate 11 to 27 years of incarceration for two counts of unlawful possession of a firearm,[1] evading arrest,[2] possession of a small amount of marijuana,[3] and defiant trespass.[4] We affirm.

The trial court summarized the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> At trial, testimony was presented that on July 20, 2023, around 9:50 a.m., Officer [Christopher] Dinger was on bike patrol with Officer [Eric] Koller in the area of Orange and Cherry Streets

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6106(a)(1).

[2] 18 Pa.C.S.A. § 5104.2(a).

[3] 35 P.S. § 780113(a)(31)(i).

[4] 18 Pa.C.S.A. § 3503(b)(1)(ii).

in the City of Reading.  They also checked the area of 25 S. 9th Street due to drug problems and loitering in that area.  The property at 25 S. 9th Street has multiple no trespassing signs on the property.

On the back steps of 25 S. 9th Street, the officers found [Appellant] sitting at a doorway and smoking marijuana with a backpack between his feet.  Officer Dinger testified that he could smell and see the marijuana.  The property had a gate around its perimeter.  He then approached [Appellant] and asked why he was on private property smoking marijuana.  [Appellant] stated he was fighting with his girlfriend.

Officer Dinger asked [Appellant] for his identification to do a routine warrant check.  It came back that there were two warrants for [Appellant's] arrest.  When [Appellant] heard that come over the radio, he immediately ran from the officers westbound.  Officer Dinger chased [Appellant] on his bike and saw [Appellant] at the end of an alley when [Appellant] pulled himself up and jumped on a rooftop.  About 20 minutes after the original encounter, [Appellant] was found inside a business in the 900 block of Penn Street.  The initial encounter was captured on video.

When [Appellant] ran from the officers, he left the backpack on the porch steps at 25 S. 9th Street.  Officer Koller retrieved the backpack after the initial chase and took custody of it.  Officer Koller opened the bag in [Appellant's] presence on Penn Street while [Appellant] was under arrest.  Inside there was a credit card with [Appellant's] name, a social security card with [Appellant's] name, documents in a green folder with [Appellant's] name on it, a notebook with a handwritten notes [sic] in it with [Appellant's] name on the front, a small amount of marijuana, clothing, and a black pistol.

Trial Court Opinion, 1/9/25, at 2-3.

The Commonwealth filed an information on September 15, 2023. Appellant filed a pretrial motion to suppress evidence, which the trial court denied, and a jury trial began on April 8, 2024.  Appellant waived his right to counsel and proceeded *pro se* with standby counsel.  On April 9, 2024, the jury found Appellant guilty of the aforementioned offenses.  The trial court

imposed sentence on July 26, 2024 and denied Appellant's timely post-sentence motions by order of August 15, 2024.

Appellant filed a timely *pro se* notice of appeal on August 29, 2024. Appellant subsequently filed a flurry of *pro se* documents with the trial court, prompting the court to appoint counsel. Appointed counsel entered an appearance before this Court on November 21, 2024. On February 7, 2025, counsel petitioned to withdraw, noting that Appellant requested to proceed *pro se*. By order of February 21, 2025, this Court sent the matter back to the trial court for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998), to determine whether Appellant could enter a knowing, intelligent, and voluntary waiver of counsel. By order of March 4, 2025, the trial court responded, stating that Appellant entered a valid waiver of counsel. Thus, this matter is before us *pro se*.

Appellant presents six questions:

1. Did the court err by denying [Appellant's] suppression motion after hearing wherein the Commonwealth failed to prove any probable cause to stop [Appellant]?

2. [Were Appellant's] Fourth Amendment rights violated:

3. Did the Commonwealth's witness testify to a probable cause which was different than he swore to in his affidavit?

4. Was the Commonwealth's testimony regarding the alleged marijuana blunt proven not to be credible?

5. Was the evidence insufficient to sustain the verdict of guilty of 'defiant trespass.'"?

6. Was the verdict against the weight of the evidence where the Commonwealth evidence presented at trial failed to establish

that [Appellant] had any notice that he was trespassing; or that he was not permitted on the premises; or that he had constructive possession of any weapon?

Appellant's *Pro Se* Brief at 4.[5]

Appellant's first two questions challenge the trial court's denial of his pretrial motion to suppress evidence. Our standard of review is as follows:

> [O]ur standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. We are bound by the suppression court's factual findings so long as they are supported by the record; our standard of review on questions of law is *de novo*. Where, as here, the defendant is appealing the ruling of the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted. Our scope of review of suppression rulings includes only the suppression hearing record and excludes evidence elicited at trial.

***Commonwealth v. Yandamuri***, 159 A.3d 503, 516 (Pa. 2017) (citations omitted).

Appellant argues that his interaction with the police was unlawful from its inception. He claims he was unaware of the "no trespassing" signs, and that his mere presence at a home known for loitering and drug activity was not a sufficient basis for police to approach and detain him. Appellant's *Pro Se* Brief at 7. Appellant also argues that the search of his abandoned backpack

---

[5] Appellant filed an initial brief and, with this Court's permission, a supplemental brief. The two are largely identical, except for the attachments at the end. We do not distinguish between the two because the pages cited herein are identical in both briefs. Appellant also filed a reply brief, to which we do not cite in this memorandum.

was unlawful. Appellant's *Pro Se* Brief at 9. He does not believe the search was incident to arrest. **Id.** Appellant also denies he was smoking marijuana. Appellant's *Pro Se* Brief at 7-8, 10.

Appellant's brief does not address the levels of interaction between a citizen and a police officer. In summary, they are as follows: A mere encounter, for which the subject is under no compulsion to stop; an investigative detention—a temporary encounter which carries with it an obligation on the part of the citizen to stop and respond; and a custodial interrogation, which is the functional equivalent of an arrest. **Commonwealth v. Spence**, 290 A.3d 301, 314 (Pa. Super. 2023). An investigative detention requires reasonable suspicion that the subject is engaged in unlawful activity. Reasonable suspicion exists where the police officer can "point to specific and articulable facts leading him to suspect criminal activity is afoot." **Commonwealth v. Holmes**, 14 A.3d 89, 95 (Pa. 2011).

The record shows that police approached Appellant after they observed him smoking a marijuana blunt.[6] While the possession and consumption of

---

[6] Appellant's claim in his brief that he was smoking an ordinary cigarette is belied by the record (**see** Appellant's *Pro Se* Brief at 7-8). Appellant cites a portion of the trial transcript at which he attempted to get Officer Dinger to admit that he observed Appellant smoking tobacco. Officer Dinger was firm in his testimony that Appellant was smoking marijuana. N.T. Trial, 4/8-9/23, at 202-03. Appellant's questions and statements during his *pro se* cross examination of Officer Dinger are not evidence and, in any event, the trial
*(Footnote Continued Next Page)*

marijuana is lawful if it is obtained and consumed in accordance with the Medical Marijuana Act, smoking marijuana remains illegal in Pennsylvania. *See* 35 P.S. § 10231.304(b)(1). On that basis alone, Officers Dinger and Koller had, at the very least, reasonable suspicion to detain Appellant. During the detention, they asked Appellant for his identification, and they asked him why he was present at a property clearly marked with "No Trespassing" signs. Appellant does not develop any argument as to why these questions were unwarranted under the circumstances. And when he was about to be confronted about his outstanding arrest warrant, Appellant fled, abandoning the backpack that the police observed at his feet. Law enforcement may retrieve abandoned property and use it for evidence so long as the abandonment was not unlawfully coerced. *Commonwealth v. Lewis*, 343 A.3d 1016, 1038 (Pa. 2025). Because the police were justified in approaching Appellant and requesting his identification, and because he fled only after his identification revealed an outstanding warrant, the police acted lawfully in retrieving the abandoned backpack. Appellant has failed to establish any error in the trial court's denial of his suppression motion.

Appellant's third question presented is not addressed anywhere in the body of his brief and thus is unsupported by citation to the record and pertinent case law. This failure results in waiver. Pa.R.A.P. 2119(b), (c);

transcript is outside the scope of our review of a trial court's suppression of evidence ruling. *In re L.J.*, 79 A.3d 1073 (Pa. 2013).

***Commonwealth v. Mulkin***, 228 A.3d 913, 917 (Pa. Super. 2020). The factual basis for Appellant's fourth question presented—in which he challenges the credibility of the evidence that he was seen smoking a marijuana blunt— is belied by the record, as noted above. In addition, Appellant addresses this issue with a few sentences in connection with his suppression argument. Thus, his fourth question presented also is waived for failure to develop a legal argument in support.

With his fifth question presented, Appellant argues that the Commonwealth failed to produce sufficient evidence in support of his conviction for defiant trespass. We conduct our review as follows:

> [O]ur standard of review [for a challenge to the sufficiency of the evidence] is *de novo*[,] and our scope of review is plenary. In reviewing a sufficiency challenge, we determine whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact— while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the factfinder.

***Commonwealth v. Wellmon***, 345 A.3d 370, 373 (Pa. Super. 2025) (internal citations and quotation marks omitted). The statutory definition of defiant trespass reads in part as follows:

> (b) Defiant trespasser.--
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he enters or remains in any place as to which notice against trespass is given by:

      (i) actual communication to the actor;

      (ii) posting in a manner prescribed by law or reasonably likely to come to the attention of intruders;

      (iii) fencing or other enclosure manifestly designed to exclude intruders;

18 Pa.C.S.A. § 3503(b)(i-iii).

We observe that the trial court deemed this issue waived because Appellant failed to specify which elements of defiant trespass the Commonwealth failed to prove. An appellant challenging the sufficiency of the evidence in support of a conviction is required to specify in the Pa.R.A.P:. 1925(b) statement the element or elements for which the evidence is insufficient. *Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010). Failure to do so results in waiver. The trial court also concluded that Appellant's argument failed on the merits. The record reveals that Appellant specifies in his concise statement that he lacked notice that he was trespassing. Because notice is required under the statute, we conclude Appellant's concise statement was sufficiently specific. We therefore turn to the merits.

Appellant argues in his brief there was no evidence he was aware of the signage and no evidence that he was told he was not privileged to enter property at 25 S. 9th Street. Appellant's Brief at 11-12. The problem for Appellant is that proof of his awareness of the signs was unnecessary. Rather, the "No Trespassing" signage must be posted in a manner prescribed by law

or in a way that his reasonably likely to come to the attention of intruders. 18 Pa.C.S.A. § 3503(b)(1)(ii). Fencing designed to exclude intruders also provides notice against trespassing. 18 Pa.C.S.A. § 3503(b)(1)(iii). Actual communication to the actor is one means of notice under the statute, but it is not the only means. The Commonwealth was not required to prove that anyone actually communicated to Appellant that he was trespassing.

Furthermore, the instant record reflects that the property in question was both fenced and posted with no trespassing signs. N.T. Trial, 4/8-9/23, at 125-127, 180. Rather than address the gate and the signage, Appellant argues that the evidence is insufficient because there is no direct evidence that he was aware that he was not permitted on the property in question. Per our standard of review, direct evidence is not required. Circumstantial evidence is sufficient. And the defiant trespass statute does not require the Commonwealth to prove a defendant's actual knowledge of signage. Signage reasonably likely to come to the attention of an intruder is sufficient. Appellant has failed to articulate any valid basis for overturning his defiant trespass conviction.

Appellant also challenges his firearms conviction on grounds that he was not in constructive possession of the gun found in his backpack. This issue is not included in his statement of questions presented, in violation of Pa.R.A.P. 2116(a). Rule 2116(a) provides that no question will be considered unless it is included in the statement of questions. Pa.R.A.P. 2116(a).

Even if we overlook this procedural defect, Appellant's argument lacks merit.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

***Commonwealth v. Parrish***, 191 A.3d 31, 36 (Pa. Super. 2018), *appeal denied*, 202 A.3d 42 (Pa. 2019).

Police found the gun in question—a Lorcin .380 caliber pistol—in a backpack that was at Appellant's feet before he fled. From the same backpack, police retrieved Appellant's social security card, a debit card with Appellant's name on it, a notebook with Appellant's name on it, and a green folder with Appellant's name on it. N.T. Trial, 4/8-9/23, at 132. The record contains more than sufficient evidence to support a finding, by a totality of the circumstances, that Appellant had the power to control the pistol and intent to exercise that control.

Appellant's sixth and final question presented challenges the weight and of the evidence in support of his defiant trespass and firearms convictions. The factual underpinning of this argument is identical to his sufficiency of the evidence argument—he was unaware he was trespassing and he was not in constructive possession of the gun.

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support.

Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.

A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.

To successfully challenge the weight of the evidence, a defendant must prove the evidence is so tenuous, vague and uncertain that the verdict shocks the conscience of the court.

***Commonwealth v. Windslowe***, 158 A.3d 698, 712 (Pa. Super. 2017) (internal citations and quotation marks omitted), *appeal denied*, 171 A.3d 1286 (Pa. 2017). Appellant's argument centers on the fact that a "No Trespassing" sign was not located on the entry gate to the property. Appellant's *Pro Se* Brief at 16. Appellant fails to explain, however, why the placement of the signage was such that the evidence of his defiant trespass was so tenuous, vague, and uncertain as to shock the conscience of this Court. Moreover, he admits that the entry to the property was gated. We discern no abuse of discretion in the trial court's denial of a new trial on the defiant trespass charge.

Regarding the firearms convictions, Appellant notes that the bag was available to the general public while police were in pursuit of him and before Officer Dinger returned to the site to retrieve the backpack. Appellant's *Pro Se* Brief at 17. He also notes that his fingerprints were not found on the gun. ***Id.*** Officer Dinger testified that, after Appellant fled, police created a perimeter around the area where they believed they would find Appellant. N.T. Trial, 4/8-9/23, at 130. Officer Dinger was posted along the perimeter for ten minutes, after which he "immediately" returned to retrieve the backpack Appellant abandoned. ***Id.*** at 130-31. We do not find it shocking that a factfinder would conclude, under these circumstances, that the gun belonged to Appellant and was not surreptitiously planted in the backpack in short amount of time that it was unattended. We discern no abuse of discretion in the trial court's refusal to award a new trial on the firearms charges.

Finally, we observe that the body of Appellant's brief contains several arguments that are not identified in his statement of question presented. As noted above, this is in violation of Pa.R.A.P. 2116(a), and we are not required to consider these issues. The first of these two arguments is an argument challenging the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be accompanied by a concise statement of the reasons relied upon for allowance of appeal, in accordance with Pa.R.A.P. 2119(f). Where an appellant's brief fails to include a 2119(f)

statement, and the Commonwealth objects to the omission, the challenge to the discretionary aspects of the appellant's sentence is waived. **See Commonwealth v. Bruce**, 916 A.2d 657, 666 (Pa. Super. 2007) (noting that we are precluded from addressing the merits of a challenge to the discretionary aspects of a sentence when the Commonwealth objects to the absence of a 2119(f) statement), *appeal denied*, 932 A.2d 74 (Pa. 2007). **Bruce** is controlling here. Appellant's brief does not contain a concise statement of reasons relied upon for allowance of appeal, as required under Pa.R.A.P. 2119(f), and the Commonwealth has objected to Appellant's oversight. Commonwealth's Brief at 8. Appellant has waived his challenge to the discretionary aspects of his sentence.

The other argument not included in Appellant's questions presented is that the trial court violated Appellant's due process rights by denying his motion to subpoena certain documentation. Appellant believes that the Commonwealth should have been required to produce the marijuana blunt he was smoking when police first saw him, and he believes the Commonwealth should have been required to produce a "'high risk building' form" pertaining to the property where police first observed him. Appellant's *Pro Se* Brief at 18-19. Appellant believes these items would have been exculpatory.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution requires the Commonwealth to turn over exculpatory evidence even if the defense does not request it. **Commonwealth v.**

***Snyder***, 963 A.2d 396, 402 (Pa. 2009) (citing ***Brady v. Maryland***, 373 U.S. 83 (1963)).  Even were we to overlook Appellant's procedural defect in raising this issue, his argument lacks merit.  Officer Dinger testified at trial that he believed Appellant threw the marijuana blunt when he fled.  N.T. Trial, 4/8-9/23, at 202.  There is no evidence that police retrieved it, nor is there any evidence, other than Appellant's self-serving statements during his cross examination of Officer Dinger at trial, that it was an ordinary cigarette.  Likewise, there is no indication that  the "high risk building" form Appellant describes exists.  Indeed, his argument is that the Commonwealth's inability to produce such a document would have been exculpatory, and thus the trial court's refusal to allow him to subpoena that document was not harmless error.  Appellant's *Pro Se* Brief at 18.  But Appellant fails to explain, given all of the other evidence against him, how this document, or its nonexistence, would have helped his defense.  Appellant's ***Brady*** argument is both waived and meritless.

In summary, we have concluded that each of Appellant's arguments is lacking in merit and/or waived.  We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 02/17/2026